UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDY CLIFTON,

        CASE NO.:

    Plaintiff,

v.

SACRED HEART HEALTH SYSTEM, INC.,
d/b/a ASCENSION SACRED HEART,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRANDY CLIFTON ("Ms. Clifton" or "Plaintiff") files this Complaint against Defendant, SACRED HEART HEALTH SYSTEM, INC., d/b/a ASCENSION SACRED HEART ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and Section 741.313, Florida Statutes ("Section 741.313").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, employment benefits, and her attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the authority to grant declaratory relief under the FMLA pursuant to 28 U.S.C. § 2201 *et seq.*

4. This Court also has supplemental jurisdiction over Plaintiff's Section 741.313 claims, as they arise out of the same operative facts and circumstances as Plaintiff's FMLA claims.

## PARTIES

5. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Escambia County, Florida.

6. Defendant is a Florida Not For Profit Corporation that operates in among other places, Escambia County, Florida, and is therefore, within the jurisdiction of this Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious health condition and her son's serious health condition; and (b) she was

employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff was employed with Defendant for a period of three (3) or more months and is considered an "employee" within the meaning of Section 741.313(1)(b), Florida Statutes.

10. Defendant employs fifty (50) or more employees and is considered an "employer" within the meaning of Section 741.313(1)(c), Florida Statutes.

## STATEMENT OF FACTS

11. Ms. Clifton worked for Sacred Heart as a Certified Medical Assistant ("CMA") in its Pensacola, Florida, hospital from March 6, 2017, until her termination on October 8, 2019.

12. Throughout her tenure, Ms. Clifton was an excellent employee with no significant history of attendance, performance, or disciplinary issues.

13. Unfortunately, on September 9, 2019, Ms. Clifton was the victim of a domestic violence attack and sustained intense injuries.

14. These injuries required Ms. Clifton to be hospitalized and seek medical treatment.

15. As a result, due to her injuries, Ms. Clifton suffered from a serious health condition.

16. Following the incident, Ms. Clifton contacted Team Lead, Samantha Trout ("Ms. Trout"), and explained the incident and her need for leave to continue to


obtain medical care and to address issues arising from the domestic violence attack.

17. Ms. Clifton's act of seeking leave and protection from domestic violence are protected acts pursuant to Section 741.313.

18. Ms. Clifton had previously informed Ms. Trout about our client's aggressor, Michael, and his violent tendencies.

19. Despite this background knowledge, Ms. Trout nevertheless informed our client that Sacred Heart would "not excuse" her absences as a result of being assaulted and needing medical attention.

20. However, Defendant failed to advise Ms. Clifton of her rights and obligations under the FMLA in regard to her serious health condition and instead threatened Ms. Clifton with an adverse employment action.

21. These actions constitute clear interference with Ms. Clifton's FMLA rights.

22. These actions also constitute discrimination and retaliation under Section 741.313.

23. On or around this time, Ms. Clifton was approved for FMLA leave due to her son's serious health condition.

24. However, whenever Ms. Clifton took leave pursuant to the FMLA due to her son's serious health condition, Ms. Clifton received harassing inquiries from Ms. Trout regarding the reason and status of her leave.

25. Ms. Trout's comments inquiring onto the reason for Ms. Clifton's protected FMLA leave caused Ms. Clifton to not take FMLA leave she would have

otherwise been entitled to.

26. On September 16, 2020, scared that her position would be in danger due to Ms. Trout's threatening and discriminatory comments, Ms. Clifton reluctantly returned to work.

27. When our client arrived, Ms. Trout immediately informed her that our client did not look "presentable for the patients," referring to Ms. Clifton's cuts and bruises from her attack.

28. Despite these discriminatory and retaliatory comments, Ms. Clifton continued working well.

29. However, on October 8, 2019, within a month following her domestic violence attack, Ms. Trout pulled Ms. Clifton into a meeting and suddenly informed her that she was terminated, effective immediately.

30. Ms. Trout informed Ms. Clifton her termination was due to her absences in September of 2019, which should have been protected under the FMLA and Section 741.313.

31. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

32. In reality, Defendant's termination of Ms. Clifton stemmed from its discriminatory animus toward her very recent use of FMLA leave, and her need for leave under Section 741.313.

33. Such a retaliatory and discriminatory termination is exactly the type of adverse employment action that the FMLA and Section 741.313 were intended to prevent.

34. Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

35. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

36. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and discrimination and retaliation for requesting leave under Section 741.313.

37. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Clifton notifying Defendant of her serious health condition and domestic violence attack, and in retaliation for Ms. Clifton utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA, and Section 741.313, in order to treat and address same.

38. The timing of Plaintiff's termination makes the causal connection between her use of FMLA leave, her request for leave under Section 741.313, and her termination sufficiently clear.

39. Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A.

to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

41. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-3, 5-8, 11-16, 18-21, and 23-40 of the Complaint as if fully set forth herein.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

44. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Plaintiff of her rights and obligations under the FMLA, and for refusing and discouraging Plaintiff from exercising her FMLA rights.

45. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

47. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-3, 5-8, 11-16, 18-21, and 23-40 of the Complaint as if fully set forth herein.

48. At all times relevant hereto, Plaintiff was protected by the FMLA.

49. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

50. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use of FMLA protected leave, and/or for her use of what should have been FMLA leave.

51. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised and/or attempted to exercise her rights to take leave pursuant to the FMLA.

52. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising and/or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief

that this Court determines to be just and appropriate.

## COUNT III
## VIOLATION OF SECTION 741.313, FLORIDA STATUTES

54. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-2, 4-6, 9-19, 22, 26-33, and 36-40 of the Complaint as if fully set forth herein.

55. On October 6, 2020, Defendant illegally dismissed Plaintiff from her employment in violation of Section 741.313(5), Florida Statutes.

56. Plaintiff provided advanced notice to Defendant of Plaintiff's requirement to attend a judicial proceeding for the purpose of seeking a protective injunction against domestic abuse.

57. Defendant interfered with Plaintiff's ability and/or her attempt to exercise her rights under Section 741.313, Florida Statutes.

58. Defendant discriminated Plaintiff for exercising her rights under Section 741.313, Florida Statutes.

59. Defendant retaliated against Plaintiff by discharging her for exercising her rights under Section 741.313, Florida Statutes.

60. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for her

actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 30th of September 2021

Respectfully submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
**noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*